E. N. KENNEDY (INC.) *v.* UNITED STATES (No. 3383) [1]

United States Court of Customs and Patent Appeals, April 22, 1931

*Puckhafer, Rode & Tompkins* (*George J. Puckhafer* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[1] T. D. 44869.

[Oral argument April 1, 1931, by Mr. Puckhafer and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Appellant herein has appealed from the judgment of the United States Customs Court, Third Division, which denied its petition for remission of additional duties imposed by reason of the undervaluation of five importations of leather suitcases, etc., from England.

The pertinent facts shown by the record are as follows:

There is no export value of the merchandise, since the importer had the exclusive right to import the same into the United States; the suitcases, etc., were patented articles and sold by the makers to two classes of people, in England, on the date of exportation from that country. The first class consisted of jobbers, two of which were named in the record, the Revelation Suitcase Co. (Ltd.) and Messrs. Jigger (Ltd.). The other class of purchasers in England at wholesale consisted of those who resold to the retail trade.

The Revelation Suitcase Co., of which Mr. E. N. Kennedy was an officer, consigned the imported merchandise at bar to E. N. Kennedy (Inc.) of New York, and the price paid by the latter was the invoice price. The invoice was made in England by Messrs. Blair & Co. who were the sellers for the manufacturing concern.

There were five entries of the merchandise involved, the first of which Mr. Kennedy made, at the invoice price, after making inquiries of Mr. Gold, an examiner in the office of the appraiser of customs, and after receiving from Mr. Gold the information that he had no knowledge or information helpful to importer in connection with its entry of the goods. The entries were made by Kennedy at the invoice prices, notwithstanding his full knowledge of the fact that the goods were sold in the usual wholesale quantities to retail dealers in England on the date of exportation at a much higher price. Mr. Kennedy testified that at the time he made entry he knew that others in England were purchasing at the same prices as were shown on his invoices and that it did not occur to his firm that any other valuation would come into question.

The first four entries were appraised at the entered value. The fifth entry was advanced in value by the appraiser, and the importer filed an appeal to reappraisement. The collector of customs filed appeals to reappraisement in the first four entries which had been appraised at the entered value. The entries were all made between March 24, 1925, and May 21, 1925.

Upon appeal to reappraisement the importer stipulated that the correct dutiable value was the foreign value, as found by the appraiser in the fifth entry, which value was the wholesale price paid by pur-

chasers in England who sold to the retail trade. This resulted in a reappraised value considerably in excess of the entered value and in the imposition of additional duties. This stipulation was entered into on January 20, 1926.

It was suggested in argument that the action of the appraiser in advancing the appraised value of the fifth importation and of the collector of customs in appealing to reappraisement was prompted by information furnished by a special agent whose report is not before us. Appellant's counsel argues that prior to the decision of this court in the case of *United States* v. *Richard & Co.*, 15 Ct. Cust. Appls. 143, T. D. 42216, on May 19, 1927, the Board of General Appraisers appraised merchandise at a price paid by jobbers rather than at a price paid by retailers and that he could not be held to such a knowledge of the customs laws of the United States as would require that he know that this practice was not warranted in law as was afterwards held in *Richard & Co.*, *supra*.

The court below, in its decision in the case at bar, in denying the petition made use of the following pertinent language:

Although the president of the importing company was in possession of complete knowledge as to market conditions with respect to this merchandise, prior to entry he made no attempt to inform himself as to which set of prices correctly represented the dutiable value. The record does not show how thoroughly he disclosed this information to the customs examiner in the interview prior to entry, but we note that upon the information obtained in this interview the merchandise was passed by the appraiser at the invoice and entered prices, and that after receiving *more complete* information from abroad, he (the examiner) appraised at higher values, and recommended that the collector appeal to reappraisement in the previous entries. On this showing, we must conclude that a complete and candid disclosure of all the facts in its possession was not made by the importer prior to entry. * * * [Italics quoted.]

We might add to this that prior to the decision in the *Richard & Co.* case the appellant stipulated that its entered value was incorrect and that *sales in wholesale quantities, rather than sales to wholesalers*, were to be taken as the foreign value. This would indicate that knowledge of the proper wholesale value prior to May 19, 1927, was not entirely confined to this court but that the importer's counsel on the date of stipulation was fully aware of the correct value.

It would seem to us that the petitioner in this case was in an unusually favorable position to have known the facts and to have acquainted himself with our customs laws, and we think the maxim *ignorantia legis neminem excusat* aptly applies to petitioner.

At any rate we agree with the decision of the court below that the evidence did not warrant a finding in favor of the petitioner and that the petition was properly denied.

The judgment of the United States Customs Court is *affirmed*.